[File No. 6030.]

KERR VAN DER WAHL, Appellant, v. NELLIE ROWERDINK, Mary Rowerdink and Gerrit S. Huizenga, Respondents.

(243 N. W. 88.)

Opinion filed May 21, 1932. Rehearing denied June 9, 1932.

*Lynn & Lynn* and *Robert Chesrown,* for appellant.

*Coventry & Thompson,* for respondents.

BIRDZELL, J. This is an action brought by the plaintiff as a creditor of one Nellie Rowerdink to set aside an assignment of a legacy executed by the latter on March 21, 1928, and to set aside certain deeds of conveyance and a final decree of distribution affecting property in the estate of Gerrit Huizenga, deceased, in which estate the said Nellie Rowerdink was interested as a legatee to the extent of 14/48 interest. At the conclusion of the trial in the district court judgment was entered dismissing the action. The plaintiff has appealed and demands a trial de novo in this court.

The facts are not accurately developed in the testimony, but in the main they appear to be as follows: The defendant Nellie Rowerdink is a daughter of Gerrit Huizenga, deceased. Gerrit Huizenga died in the latter part of the year 1917, leaving an estate consisting of a half section of land in Emmons county besides some $1,500 in money,

some few items of other personal property and a contract for the sale of a tract of land to John Rowerdink, the husband of Nellie Rowerdink, upon which contract there was over $8,000 owing. The deceased left a will under which Nellie Rowerdink was designated as legatee of a 14/48 interest in the estate. Some time after the death of Gerrit Huizenga the contract under which John Rowerdink was purchasing the land was cancelled, John and Nellie Rowerdink continuing to live on the land. Some time thereafter John Rowerdink became indebted to a bank in Strasburg and mortgaged certain personal property to secure the indebtedness. The bank started foreclosure proceedings and in order to stop these proceedings and satisfy the indebtedness the defendant Mary Rowerdink, mother of John, paid the bank approximately $1,500. In consideration that Mary would make this payment to the bank Nellie Rowerdink assigned to her her interest in the estate of Gerrit Huizenga, deceased. This assignment was made March 21, 1928, and was filed in the county court of Emmons county the following April. Prior to the time of giving said assignment John Rowerdink and his wife Nellie had become indebted to the plaintiff to the extent of some $2,000 and interest. Nellie had no property other than her interest in the estate that she had thus assigned.

In the course of the administration of the estate eighty acres of the land were sold by the executor to the defendant Gerrit S. Huizenga for $3,200 and the proceeds accounted for as a part of the estate. The sale was duly confirmed. Both Mary Rowerdink and Nellie Rowerdink directed the executor to charge against the portion distributable to the legatee and her assignee certain items amounting to $916.42, which, they stated, should have been paid by John Rowerdink. A final decree of distribution was entered on July 15, 1929, showing a cash distribution of $5,574.70 of which there went to Mary Rowerdink, assignee of Nellie Rowerdink, the sum of $976.80. She was also decreed a 14/48 interest in the real estate and on that date Nellie Rowerdink also deeded to Mary Rowerdink, for the purpose of carrying out the terms of the assignment, her 14/48 interest in the real property. Prior to the institution of this action the plaintiff had reduced his note to judgment, which judgment is unsatisfied.

On this appeal the plaintiff contends that the assignment by Nellie Rowerdink to Mary Rowerdink was without consideration, fraudulent

and void. There is also some contention that the sale of the eighty acres to Gerrit S. Huizenga is colorable only and that it was not made in the proper exercise of the jurisdiction of the county court to authorize an executor's sale.

We find very little in the evidence to support the contentions of the appellant. The evidence shows that Mary Rowerdink, the mother of John Rowerdink, would not advance the money necessary to pay John's indebtedness to the bank and stop the foreclosure unless she received the assignment in question and that she did receive the assignment and paid the amount of approximately $1,500. Thus, the assignment was not without consideration and the rule that counsel invokes to the effect that a person must be just before he is generous is not applicable.

The law is that "If a transfer is for a valuable consideration, creditors cannot attack it because of the fraudulent intent of the grantor, where the grantee had neither (1) actual notice of such intent, nor (2) notice of any fact or facts calculated to put him on inquiry and which would lead to a discovery of such intent, nor (3) participated in fraud." 27 C. J. 506; Bump, Fraud. Conv. 4th ed. §§ 180 and 181. In the instant case it was clearly established that Mary Rowerdink was a purchaser of the interest of Nellie in her father's estate for a consideration. There is no evidence that at the time she thus purchased she knew of the indebtedness of Nellie Rowerdink to the plaintiff nor of any other indebtedness except that which she was paying to the bank. Nor is there any evidence that if Nellie Rowerdink had any fraudulent designs to defeat her creditors Mary Rowerdink participated therein. Neither does the evidence show any gross inadequacy of consideration. In this respect it shows that the money received by Mary from the estate under the assignment was some $500 less than she paid for the assignment. While she still has an interest in the lands distributed and conveyed, there is no evidence as to the value of such lands. The burden of proving that the conveyance was fraudulent rested upon the plaintiff, and the record, in our opinion, shows that such burden has not been sustained.

The judgment appealed from must therefore be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BURKE, JJ., concur.